Good morning. Welcome to the 6th Circuit. Before we start, Judge Keith and I would like to thank Judge Black for joining us today. It's a privilege for both of us to serve with you and thank you for taking this on, on top of all of your district court duties. We appreciate that. Good morning, Your Honors. Laura Davis on behalf of Robert Shultz. May it please the Court, the government has all but conceded that Condition 6, as written, is vague, that to solely ban deviant sexual arousal or materials to be used for that does not address the specificity of Mr. Shultz's particular history and his offense. Condition 6 can be fixed by simply tacking on deviant sexual arousal in children. While it is sort of obvious, everybody knows that that's what we're talking about, that's not what's written and that's not how his supervisory probation officer is going to approach this condition. I certainly would not object to this Court doing that, and I think you are able, both in your general authority and in sort of the approach of judicial economy, that if we all agree that adding in children to this phrase will fix the phrase as far as constitutional questions, then by all means we should do that. Did you have, so just the language of this particular condition, so that's, it comes out of, what are you talking about, the Eastern District of Tennessee? Yes. And is it, do you know the history of it? Maybe your friend on the other side can help us with that, but I mean, are there other districts, because I think what happens is you get this, you get a pattern, people then start, you get a bit of a groove, everyone starts using the same supervised release conditions. In fact, in this case, no one even objected to these earlier, because everyone's in that groove. Where did this come from? Is this unique? It is not completely unique. There has been similar conditions in other districts. This specific language, just for deviant sexual arousal, may be unique to the Eastern District of Tennessee. Rule 83.10b, local rule, is still on the books, checked yesterday, still on the books as written, but now courts are taking a closer look at each condition, and at least in the case of Condition 6, are mostly adding deviant sexual arousal with children or regarding children, something along those lines. I do not know the history of 83.10b. I know it was on the books when I started with the Federal Defender in 2009, and I think at that time we thought the judges know what they're doing, they wouldn't violate any laws by creating this local rule. So nice of you to think that. This court in Lance and Inman said, no, let's take a look at these conditions, let's make sure these conditions are tailored to the specific defendant, to his offense. The language right now is, we're talking Condition 6 still, right? Yes. This material that he may use for the purpose of deviant sexual arousal. So, as far as you're concerned, the constitutional problems anyway would go away if it's purpose of deviant sexual arousal regarding children? Correct. Respect to children, something like that? There are cases from other districts where adding that language made it clear enough to probation officers and to supervisees about what is prohibited and does not unduly restrict their First Amendment rights in regards to other materials that may not be normal. For instance, I had somebody on supervision who was ordered to get his premium cable channels taken off his television set within 48 hours because there's racy stuff on late at night, and had he not done that, he would have been violated. There would have been a violation petition filed. Why couldn't the court simply take the approach that we're going to take a common sense reading of the condition and indicate that it covers only material designed to produce deviant sexual arousal? City of Chicago v. Morales addresses that, Your Honor, that even if we all know sitting back what this really means, you need a statute or you need a condition to specifically say what it means because it needs to let the probation officer know what sort of things to be on guard for, to be looking out for in regards to their supervisees, and it also needs to give the supervisees clear notice about what is prohibited, what their probation officer is going to consider as prohibited, rather than being frightened of going back to jail and restricting their First Amendment activities to the blandest of possible activities in the hopes to not offend their probation officer. Well, if it says what it says, whatever it says, and it gives rise to a common sense reading that it only covers material designed to produce deviant sexual arousal, why isn't that sufficient? Because we know in practice it does not, and at least in ... You're saying the district court, they can't follow that? The probation office that handles the offenders out of Knoxville, the example I gave of you have to take the premium channels off your TV was not chosen, picked out of clear air. That is something that was told to a supervisee, that probation officers interpret without the modifier of in children, they interpret that broadly, and it's a method of control to say you can't have these channels on your TV set. You can't go to this bar, but you can go to this other bar. So this court needs to reverse, remand, and rewrite rather than simply issue an opinion that the common sense reading of this gives rise to the interpretation I spoke of? Correct, Your Honor, because your opinion is not necessarily going to make it to the probation officer, and to get ... When we're looking at ... I'm not sure I'm prepared to accept that. Be that as it may. Be that as it may. I think either amending the language of Condition 6 here in this court or sending it back to have it amended is the best possible way to proceed, and that way we will have an amended judgment that is clear, that it's not all a wink and a nod. We know what this really means. We need to say what we mean and mean what we say. That's what the city of Chicago versus Morales said, that we know the statute is to just Yeah, but that case doesn't deal with the problems with speech related to sex, which is just very, very difficult, right? I mean, wouldn't you agree that this is not an easy thing to write? It is not an easy thing to write, and that's why the courts have struggled with it. However, courts of appeals and other circuits have held that if ... Whatever the descriptor is for inappropriate materials, if you make clear that it's concerning children, then that gives the probation officer sufficient guidance as to how to enforce. What do you mean by, with respect to children? What would that actually mean in this case? In this case, obviously it's illegal to possess child pornography. However, this would allow the probation officer to monitor a supervisee for what's called child erotica. You can't have the Sears catalog with just the kids in bathing suits. You can't ... If there's evidence that you're collecting DVDs of children's TV shows, things What is the problem with the person is that this interest is ... You can't segment it. They have an interest in children, they have an interest in adults, and in fact, the adult interest sometimes leads to the children problem. That's why we have ... Isn't that a little strange to limit it just to one when they really work together, which I'm no expert on this, but I'm going to guess they do work together? Part of therapy, though, is about encouraging normal behavior, however you want to define normal sexual interests, and that it's not illegal for somebody to possess adult pornography. It's not prohibited to have adult erotica. Why is that so bad? I'm just not getting why ... I mean, you could stay in jail. That's the other option for the client. This is good for the client to start to rehabilitate. Arguably, it's good for society, but we'd like to get people back rehabilitated. Why not ... I mean, I don't understand. I get the chilling effect issue that you usually get in normal First Amendment cases, but it does seem to me a little different. The constitutional protections apply a little differently when it's a form of probation, and the other alternative is to stay in jail. What's so bad about saying, listen, you just shouldn't be having adult or child pornography? It's not healthy for you. Without evidence that adult pornography played a role in their accessing child pornography, then there is not a reason to prohibit them from having adult pornography or adult erotica. Where's that case? The case that says you can't have, as a supervisor, a release condition when you have a child pornography problem. The court can't say, hey, just no pornography, period. This is not good for you. Your Honor, I would need to check my brief again. There was a case where ... that there was a ban on adult pornography in addition to child. However, the person on supervision was on supervision for having produced child pornography, and they were able to show an interrelationship at the sentencing hearing, apparently, of an interrelationship between their adult pornography and their child pornography, but that court reversed- Is there a case that says ... you're saying the court reversed? The court reversed. It wasn't a Sixth Circuit case. I think it was out of ... I'd need to check. But that a ban on adult pornography was reasonable and it was related enough to his offense that it passed constitutional muster. However, a ban on adult erotica was not, and that was deemed too broad. I will certainly check that and address that when I have my rebuttal time. The design ... what Judge Black was saying, if you modify it with designed for deviant sexual arousal, that gets you out of the erotica world, right? No, because you can have erotica that somebody would deem deviant. That's why designed is critical. I would have thought if it's not pornography, it's hard to say it's designed to produce deviant sexual arousal. What am I missing? You can look at me and say, you're clueless, here's why, maybe you don't want to use that word, but what am I missing? Because it covers all types of what a probation officer would consider deviant. That it's not just in children. It can be, especially given you're all reveal initial polygraph, they know every little thing that you're into. And that when you lack the modifier of deviant sexual arousal in children, anything that's purely adult oriented, that that's a completely different thing, should not be banned. But this condition leaves open the potential for it to be banned. Thank you. All right. Thanks. Mr. McLaurin. Good morning. May it please the court. My name is Luke McLaurin, and I'm here on behalf of the United States. The supervised release conditions imposed in this case should be affirmed for three reasons. First, the defendant has waived his ability to challenge these conditions by failing- You didn't raise the forfeiture point at the second sentencing, right? We did not raise that. Okay, so you can forfeit a forfeiture, right? We can. We think that the case law about this is a little bit ambiguous on this point, Judge Sutton. When you look at specifically, it's the McKinley case from this court, they stated that the district court is free on remand to consider anything. And I view that as saying that it's really the district court's job to try and police this a little bit. That the court of appeals is not setting down a rule that's meant to sort of restrict what the district court wants to, in its discretion, consider. But the defendant has the obligation to raise any arguments about the sentence. Tell me a case that contradicts the point I'm making. They're allowed to- You obviously agree they can forfeit arguments. I'm assuming you think in general the government can forfeit arguments. Yes. That's correct, Judge Sutton. Why is it that the government can't forfeit a forfeiture? We certainly can. Okay. We have a story. That's what happened. Okay. You didn't raise this in front of the judge. You didn't say to the judge, hey, they didn't argue this at the first sentencing, right? That's correct. It's helpful to bring to the district judge's attention issues you intend to raise on appeal. That's a forfeiture. Certainly. Okay. Well, then accepting that point, Judge, we'll move on to the- You don't have to accept it. Just tell me why it's wrong. Well, I think that the case law here, it makes it somewhat ambiguous as to what an attorney is supposed to do because on the one hand, the district court is supposed to be able to consider any issues that it deems relevant. If you look at this sentencing hearing- I think if the trial lawyer is not sure what to do, I'm not sure I understand the problem with this advice. If you think in a prior hearing someone didn't raise something they should have raised then and you think it's something you're going to want to tell the Court of Appeals, you should always give the district court judge a first shot at it. District court judges don't like having a case reinvented at the Court of Appeals. Give them the first shot at correcting the problem and they can say, I don't think it is a forfeiture. Here's why. Here's why. Or they can say, good point. They should have raised this before. It's law of the case. It's very bizarre to me to think that there's a rule out there that the government or either side raises things for the first time at the Court of Appeals without giving the district court a shot at it. That just is beyond me. Well, a lot of the arguments we're seeing today are being raised for the first time on behalf of the defendant here at the Court of Appeals. A lot of the arguments that were made below with regard to these special conditions were simply throwaway lines of, well, we think it's vague without any explanation of why. Exactly. So, it was your job or someone's job in your office to tell the district court they're reinventing the case. The Sixth Circuit sent it back for this reason. It doesn't allow them to ask you to revisit all of the supervised release conditions. Those are law of the case. It's really easy. And the court can agree with you and the second sentence becomes really easy and the appeal even easier. Or it can say, well, I hear what you're saying, but I have some discretion, as we all know you do with forfeiture, and we're going to reach it. Well, I can't give a specific reason as to why the attorney who was handling this case below didn't raise this issue. But accepting that the issue, that the court views the issue as, our argument about the waiver as having been waived below, I'll proceed to the merits if the... Forfeiture, not waiver, but yes. The forfeiture. Okay. Turning to the actual conditions, I think that the key point here to remember is that this is being, what the district court judge did is being reviewed for abuse of discretion. And I think when you're considering all of the case law that's out there, the conditions that this judge imposed weren't really an abuse of discretion given this defendant's history. And I want to jump right to this condition six. There's been a lot of discussion about the vagueness of this, or alleged vagueness of this word, deviant sexual arousal. As you launch on that, the district court judge does not have the discretion to violate the constitution. Certainly. Certainly. But I think that... Speak to condition six. This court, in talking about conditions like this, has talked about a spectrum. If you look at the Zobel case, that's probably the most useful case on this point. It talks about a spectrum of the kinds of things that are permissible in terms of restrictions and the kinds of things that aren't. For example, the court said that restricting pornography or restricting access to sexually deviant material would be okay. But restricting access to sexually suggestive material wouldn't, because that strikes too broadly. Our position is that deviant sexual arousal is trying to get at material that is even narrower than pornography. The defendant has made a lot about this word deviant as not having much meaning and that you need to add a clarifier for children. We think that that's contained within the word. When you look at the definition of deviant in Black's Law Dictionary, it says, departing from the established norm or custom. And admittedly, norms and customs about sexual matters in 21st century America are fairly broad. But we think that there are... And evolving. Certainly evolving. But we think that even among that, there are at least three categories of sexual interests that are, by any standard, considered deviant. And that is sexual interests in children, sexual activity with children at all, of any kind of a sexual activity with children. Sexual activity with animals. And sexual activity with non-consenting or vulnerable adults, such as adults with mental disabilities. And we think that that gives content to this word deviant. That when you're... As long as it covers, and as long as those are really obvious, criminal defendants and supervised relief shouldn't worry. Even though implicit in what you're saying is there's some less obvious sexual activities covered by deviant. What I'm saying is that deviant must be understood to cover those areas that... Only those three? Those areas... Yes. Only those areas that are obvious. Yes. Given the wide range of sexual... What are the obvious areas? Just the three you mentioned? You're just making those up. I mean, don't you think if we sat here for a while, we could come up with some others? I mean, I'm not that interested in detailing them, but... I certainly think the court could come up with others. But what I'm trying to suggest is that this word has a certain amount of content. That it's not just giving the probation officer some sort of unfettered discretion to determine what kind of materials are allowable and what kind aren't. I think you have to read the condition as a whole. It says that it's trying to prevent him from possessing materials that he may use for the purpose of deviant sexual arousal. I think the whole point is that the focus of this condition, as with all supervised release conditions, is on rehabilitation of this specific defendant and upon protection of individuals from this defendant. The probation officer is going to be working with this defendant. The probation officer is going to know what kinds of materials arouse this particular defendant's deviant sexual interest in children. So you're saying the way this works is that you get to use that word and then the probation officer, as he or she gets to know the defendant, gets to decide, well, we're going to limit this just to stuff about children or children and animals. That's the way you're thinking this will work? No, no. I'm saying that the word deviant has a content that gives the probation officer a standard to apply. Okay. How that standard applies to the particular defendant as to which materials are important for that defendant not to possess are going to be . . . You just said the same thing you said before, which prompts the question, how does this work? Are you saying the probation officer gets to say, all right, show me what you're interested in. This is good. This is not going to work. Is that what you're imagining? No. I'm saying what the standard prohibits is materials that are going to arouse this defendant's deviant sexual interest. The probation officer, as well as the defendant, have knowledge, have an understanding of what those materials are. My point is that this gives the defendant fair notice. What does that mean for Schultz in this case? In this case, Schultz knows the things . . . Does that mean just stuff related to child porn? Is that what you think? In this particular case, it appears that the deviant sexual arousal that . . . the category that he has most interest in is the one in children. Yes. Why wouldn't it be a good idea to accept the offer of Schultz's lawyer that we narrow the construction that we either ask the district court to modify the language or we narrow it ourselves for constitutional avoidance purposes? That would certainly be a possibility to narrow the language. I wouldn't object to saying that he mused for the purpose of deviant sexual arousal with respect to children. I would not object to that. Isn't that what's set forth? This use of the term deviant is in the context of a child porn conviction. Why isn't the common sense interpretation that when we speak to deviancy, we're talking about child pornography? That's exactly my point, Judge Black. I wouldn't object to the clarification, but I believe that that phrase for children would simply be a redundancy in this case. Redundant of the word deviant? Yes. Our position is that there's no clarification that's necessary, but if the court feels that that clarification is essential for purposes of constitutional avoidance, we would not object to clarifying the condition. You asked a very interesting question earlier, Judge Sutton, about whether this court has the authority to clarify that as a matter of interpretation. There's not a really easy answer to that question, but since it seemed to be a topic you're interested in, I wanted to make sure you got an answer. I would say that the court probably doesn't, that really the district court is the one that's supposed to be in the position to craft the language and consider all these things about the defendant, and the district court is the one that should be allowed to clarify its own language. That said, this court has clarified the meaning of the language that district courts have used in the past, so this court has engaged in that very practice. Most notably in the- Of course, even the way this works, since it's the same branch of government and they've already got quite a bit of authority, even if the Court of Appeals gives this clarifying limiting construction, isn't it right that both sides can always seek a modification of the supervised release conditions, so- Absolutely, Judge Sutton. The judge holds the trump card. Absolutely, and that's I think the key here with regard to the probation officer in exercising their discretion. If at some point Mr. Schultz seems to think that the probation officer is not following this clearly set forth standard of deviant sexual arousal, he has the opportunity to go back to the district court and say, wait a minute, the probation officer is not following this standard that you set out in the special conditions, and that issue can be addressed by the district court, who is going to have full knowledge of the situation, the individual- Supervised release conditions, maybe you were just saying this and I wasn't following it, but they can be ratcheted up and ratcheted down? Certainly. They can be more restrictive and less restrictive? Yes, and the whole point is you want to allow the district court the opportunity to tailor the condition as necessary to achieve those two goals, rehabilitation- I have a question on condition four. Just out of curiosity, why give the probation officer authority with respect to one part of it, but not, you might argue, the broader part of it? So you have the second sentence, in addition, can't visit parks anywhere where children under 18 might be, that covers a lot of locations. So I just can't quite understand why, having just acknowledged the expert and the role of the expert in deciding to give him permission to do this, but not that, why you wouldn't do the same with going to McDonald's, going to this park that's near his neighborhood? Why wouldn't they do that? I can't speak as to what the district court's mentality was as to why it didn't add that extra requirement. Is there a history to this dichotomy, that you give probation officer authority for letting the individual do these types of visits, but not the others? Judge Sutton, I'm sure there is a history. I don't know the precise details of it. Well justify this. Or do you think implicit, it does say in addition, is it possible implicit in the second sentence is that the probation officer has authority to approve some of those visits? I think there's an argument to be made that there is an implicit ability of the probation officer to make certain exceptions in cases when it's going to be needed for the defendant's rehabilitation for him to visit certain places or frequent certain places. But I think the understanding as to why that language might not be in the second part is because I think the second part is a little bit clearer. And the other reason is because the second part doesn't implicate certain fundamental interests quite as strongly. There was a discussion on the defendant's brief and in our brief about this interest in familial association. And I think that that's what that carve out in that first part of the condition allows is some amount of tailoring on the part of the probation officer that, you know, if we're dealing with a situation where it's genuinely not going to be a danger for this individual to be around family members who are his own children or grandchildren, then there can be an exception that's made. And that's because of, I think, the importance of that interest of familial association. So that may be another reason for the distinction, Judge Sutton. Turning to that issue, I would just like to point the Court's attention to the Mickelson case from the Eighth Circuit with regard to that important interest in children. And the Court there said, yes, that is an important interest, but we also need to protect these children. And because most sexual abuse occurs at the hands of family members, creating a just sort of general carve out for family members would not appropriately serve the interest in putting forth that condition in the first place. Unless there are any further questions, we'll rest on our briefs. Thanks for your argument. Ms. Davis, I think you have your rebuttal time. Thank you. Your Honor asked me earlier about cases regarding modifiers on conditions for deviant sexual content. This court in Lance struck down a condition because it was not limited to pornographic depictions of minors or minors in sexual situations. So it did address the, you did not narrowly tailor this condition to address the needs of rehabilitation and protecting the public. The case I was thinking of earlier was out of the Second Circuit where there was a defendant convicted of producing child pornography and was banned from possessing pornography. However, the court ruled that possession of matter that depicts or alludes to sexual activity or depicts minors under the age of 18 was too broad. The Third Circuit has also weighed in on this in Volcker that adult pornography, a ban on that does not necessarily address the issues of the defendant who is caught with child pornography. That without some evidence that there's a link with this defendant between his viewing of adult pornography or his reading adult erotica or anything like that as a connection to his use and collection of child pornography, it's not narrowly tailored. And we do have First Amendment rights in what we read, what we view, what, you know, materials, print materials especially, that we have at hand. You know, out of curiosity, I hadn't thought about this till today, you know, there's this Scott versus Pennsylvania Parole Board case where if I'm remembering correctly, I think the principle's right, but I think it says, you know, as a condition of probation, you can give up the right to search, you know, random searches without probable cause and stuff so you're obviously, that would be waiving Fourth Amendment rights. Has it been addressed before whether the government could say, you know, listen, we don't have to release you, but if we're going to release you, we're going to ask you to waive First Amendment rights. And here's what they are, you know, it's your choice, are they allowed to do that? I would think that any waiver, especially of constitutional rights, must be knowing and voluntary. And it's not voluntary if we say, we're not going to let you out of jail until you sign this waiver of your rights, and that's something this court has looked very closely at in terms of appellate waivers and plea agreements and how ensuring that during the plea colloquy the court adequately addresses with the defendant, do you understand you're giving up this right? That in other plea colloquies, making sure a defendant understands by entering into this their other rights in regards to trial. Why isn't that Scott though? That's the same situation, it's just as involuntary there, they're saying you can't leave unless you leave on the condition that there can be random unparticularized searches of your house and you. But they have an alternative available, for instance, with the trial, that you have the alternative of, with a plea, you have the alternative to go to trial. With parole, as opposed to probation, parole is discretionary within the probation and parole system. We don't have a right, we don't have a constitutional right to parole. We have a constitutional right to be let out at the end of our sentence, but to get out early is something that is more discretionary. In Pennsylvania, you are given an arranged sentence of four to eight years, if we're going to let you out at four years, we can ask you to waive some rights. People do that when they go on supervision. So it's the difference between supervised release and probation, basically is what this turns on. Okay. Thank you, your honor. All right, thanks to both of you for your helpful oral arguments and briefs. We appreciate it. Work our way through the case. The case can be submitted and the clerk may call them.